## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RHANDALL THORPE and BARBARA J. THORPE, | Civ. No. 18-4956 (KM/SCM) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. | |
| DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE; PHILLIP DUN, IRS Appeals Team Manager; DEBRA HAYNER, Appeals Officer; and DENISE MURRAY, Team Manager, | |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.:**

Plaintiffs Rhandall J. Thorpe and Barbara J. Thorpe, *pro se,* have filed this action to obtain refunds of IRA early-withdrawal penalties that they calculated and paid in connection with their tax returns for 2002, 2004, 2005, 2007, 2008, 2010, 2012, and 2013. The defendants move, pursuant to Fed. R. Civ. P. 12(b)(1), to dismiss the complaint for lack of subject matter jurisdiction, because the plaintiffs did not timely file administrative claims for refunds with the Internal Revenue Service ("IRS"). The amounts of the refunds range from $235 to $2598. For the reasons stated herein, the motion to dismiss is granted.

### I.    APPLICABLE STANDARD

Rule 12(b)(1) challenges to the court's subject matter jurisdiction may be either facial or factual attacks. *See* 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007); *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).

The burden of establishing federal jurisdiction rests with the party asserting its existence. [citing *DaimlerChrysler Corp. v. Cuno,* 547

1

U.S. 332, 342 n. 3, 126 S. Ct. 1854 (2006).] "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be facial or factual." [citing *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009) (quoting *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006)).] A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" [citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008) (alterations in original) (quoting *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir.2007)).]

"In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." [citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).] By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." [citing *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 290 (3d Cir. 2006) (citations omitted).]

*Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (footnotes omitted; footnoted case citations [bracketed] in text).

## II.    DISCUSSION

It is axiomatic that the United States and its agencies may be sued only to the extent that they consent to waive their sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Lewis v. Clarke*, 137 S. Ct. 1285, 1291–92 (2017). With respect to a suit for a tax refund, "that waiver is conditional: the taxpayer must pay the dispute tax or penalty, and 'duly file[]' an administrative claim with the IRS prior to filing suit." *Cash v. United States*, 725 F. App'x 171, 173 (3d Cir. 2018) (quoting 26 U.S.C § 7422(a)). *See also Mallette Bros. Constr. Co. v. United States*, 695 F.2d 145, 155 (5th Cir. 1983)

("In suits for tax refunds, the United States has consented to be sued, but only when the taxpayer follows the conditions set forth in I.R.C. § 7422(a).").[1]

To be "duly filed," an administrative claim must be timely. *Philadelphia Marine Trade Ass'n etc. v. Commissioner*, 523 F.3d 140, 146 (3d Cir. 2008). Under 26 U.S.C. § 6511, an administrative claim for a refund is timely if the taxpayer files it within three years after filing the relevant tax return, or within two years after paying the contested liability, whichever is later.[2]

> Read together, the import of [sections 7422 and 6511] is clear: unless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' may not be maintained in any court.

*United States v. Dalm*, 494 U.S. 596, 602 (1990) (citations omitted). The prior *timely* filing of an administrative refund claim is therefore of jurisdictional stature; it is a prerequisite to a federal court's assertion of subject matter jurisdiction. *See Irvine v. United States*, 729 F.3d 455, 464 (5th Cir. 2013)

---

[1]     Section 7422(a) reads as follows:

**(a) No suit prior to filing claim for refund**

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

28 U.S.C. § 7422(a).

[2]     **(a) Period of limitation on filing claim**

Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 6511(a)

("Failure to timely file a refund claim deprives the court of subject matter jurisdiction for lack of a valid waiver of sovereign immunity.").[3]

Mr. and Mrs. Thorpe filed tax returns for the years 2002, 2004, 2005, 2007, 2008, 2010, 2012, and 2013. The returns, prepared with the aid of professionals, were duly sworn and subscribed. In those tax returns, they calculated, assessed against themselves, and paid (or had deducted from their tax refund) early withdrawal penalties for their IRA account.

The Thorpes, much later, determined that they had not in fact owed the early withdrawal penalty, and had therefore overpaid for the relevant years. (Cplt. Section III) They filed administrative claims for refunds with the IRS. All the claims, however, were denied as untimely. (Denial letters, DE 2) Here, in chart form, are the relevant dates.

| Tax year | Return filed | Last Payment made[4] | Last possible date to file refund claim | Date refund claim actually filed |
|---|---|---|---|---|
| 2002 | 4/15/2003 | N/A | 4/15/2006 | 12/15/2015 |
| 2004 | 4/15/2005 | N/A | 4/15/2008 | 12/15/2015 |
| 2005 | 4/15/2006 | 4/24/2006 | 4/15/2009 | 12/15/2015 |
| 2007 | 4/15/2008 | 7/27/2009 | 7/27/2011 | 12/15/2015 |
| 2008 | 4/15/2009 | 5/10/2010 | 5/10/2012 | 12/15/2015 |
| 2010 | 4/15/2011 | 6/9/2011 | 4/15/2014 | 12/15/2015 |
| 2012 | 4/15/2013 | 4/21/2013 | 4/15/2016 | 6/21/2016 |
| 2013 | 4/15/2014 | 12/5/2014 | 4/15/2017 | 5/30/2017 |

---

[3]     True, the district courts have jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assess or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). But "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions. The first is § 7422(a), which, tracking the language of § 1346(a)(1), limits a taxpayer's right to bring a refund suit . . . ." *United States v. Dalm*, 494 U.S. 596, 602 (1990).

[4]     For some years, the payments were made in instalments.

As is apparent, each claim was filed well after the relevant deadline under 26 U.S.C. § 6511(a). For 2002, the claim missed the deadline by some nine years; for 2012 and 2013, they missed the deadline by only about six weeks or two months. Miss the deadline they did, however; all were filed untimely. As a result, this court lacks subject matter jurisdiction.

In response, the Thorpes argue that the deadline for filing administrative claims was tolled, citing two theories. Neither suffices to save their complaint.

First, the plaintiffs argue that the period should be tolled because it was not until December 2015 that they realized they had overpaid the IRA withdrawal penalties. The background for any tolling argument is *United States v. Brockamp*, 519 U.S. 347 (1997). There, the U.S. Supreme Court held that "Section 6511 sets forth its time limitations in unusually emphatic form . . . It sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions." *Id.* at 350. Thus, the Court held, "Congress did not intend the 'equitable tolling' doctrine to apply to § 6511's time limitations." *Id.* at 354.[5]

Tolling is "fundamentally a question of statutory intent." *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10, 134 S. Ct. 1224, 1232 (2014). Congress has made its intent clear by amending section 6511 to incorporate only a very limited form of tolling, essentially for financial hardship based on a showing of medical disability.[6] *See Redondo v. United States*, 542 F. App'x 908, 911 (Fed.

---

[5]     This case would appear to be a poor candidate for equitable tolling, even if that doctrine applied. The plaintiffs were aware of the essential facts; they self-assessed these penalties in signed, sworn tax returns. Mistake, or failure to appreciate the legal significance of those known facts, is not an extraordinary circumstance that should operate to keep the limitations period open.

[6]     **(h) Running of periods of limitation suspended while taxpayer is unable to manage financial affairs due to disability**

**(1) In general**

In the case of an individual, the running of the periods specified in subsections (a), (b), and (c) shall be suspended during any period of such individual's life that such individual is financially disabled.

**(2) Financially disabled**

5

Cir. 2013) ("We lack any discretion to suspend the statute of limitations for a reason other than financial disability"); *Teffeau v. Commissioner*, Civ. No. 2010-123, 2012 WL 4215889 at *4 (D.V.I. Sept. 20, 2012) "[N]o other exception to the *Brockamp* rule has been enacted.").

Under Section 6511(h)(2)(A) (quoted in full at n. 5, *supra*), the time to file a refund claim shall be suspended for a period in which a taxpayer "is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Such a disability requires that "proof . . . [be] furnished in such form and manner as the Secretary may require." *Id.*

The Secretary requires that the applicant seeking tolling submit the following:

> (1) a written statement by a physician (as defined in § 1861(r)(1) of the Social Security Act, 42 U.S.C. § 1395x(r)), qualified to make the determination, that sets forth:
>
>> (a) the name and a description of the taxpayer's physical or mental impairment;
>>
>> (b) the physician's medical opinion that the physical or mental impairment prevented the taxpayer from managing the taxpayer's financial affairs;

---

**(A) In general**

For purposes of paragraph (1), an individual is financially disabled if such individual is unable to manage his financial affairs by reason of a medically determinable physical or mental impairment of the individual which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. An individual shall not be considered to have such an impairment unless proof of the existence thereof is furnished in such form and manner as the Secretary may require.

**(B) Exception where individual has guardian, etc.**

An individual shall not be treated as financially disabled during any period that such individual's spouse or any other person is authorized to act on behalf of such individual in financial matters.

(c) the physician's medical opinion that the physical or mental impairment was or can be expected to result in death, or that it has lasted (or can be expected to last) for a continuous period of not less than 12 months;

(d) to the best of the physician's knowledge, the specific time period during which the taxpayer was prevented by such physical or mental impairment from managing the taxpayer's financial affairs; and

(e) the following certification, signed by the physician:

I hereby certify that, to the best of my knowledge and belief, the above representations are true, correct, and complete.

(2) A written statement by the person signing the claim for credit or refund that no person, including the taxpayer's spouse, was authorized to act on behalf of the taxpayer in financial matters during the period described in paragraph (1)(d) of this section. Alternatively, if a person was authorized to act on behalf of the taxpayer in financial matters during any part of the period described in paragraph (1)(d), the beginning and ending dates of the period of time the person was so authorized.

Rev. Proc. 99-21, 1999-1 C.B. 960 (1999).

The plaintiffs have never complied with these requirements. First, they claim disability only as to Ms. Thorpe; for all that appears here, there is no impairment that prevented Mr. Thorpe from managing the couple's affairs, and no showing was made to the IRS that he could not. *See* 26 U.S.C. § 6511(h)(2)(B) (no tolling where "individual's spouse or any other person is authorized to act" for the person in financial matters).[7] Second, they supply three letters from a physician, Dr. Martin Mayer, regarding her condition (DE 1-2, 1-3) These relate certain ailments, but they do not state anywhere that Ms. Thorpe was or is unable to manage her financial affairs, and they do not include the certification required by Rev. Proc. 99-21. Third, there is no indication that the required showing was made in connection with the refund claims themselves, as opposed to here in court. *See Chan v. Commissioner,* 693

---

[7]     With one exception, the returns were filed using married filing jointly status.

F. App'x 752, 756 (10th Cir. 2017) ("The district court cannot make a determination of financial disability if [the taxpayer] did not first provide the requisite proof to the IRS."). Fourth, I observe that this claim of medical disability is an anomalous one. The plaintiffs do not claim they were unable to deal with their financial affairs and file their returns; indeed, they did file their returns, using a paid preparer. Their claim, then, is not one of inability to cope with the demands of financial recordkeeping or filing, but merely that their returns contained a mistake.[8]

Where a taxpayer has failed to make the necessary showing in the form required by the IRS, the courts have denied the application of § 6511(h) tolling and held the refund applications to have been untimely.[9] And where the underlying administrative refund application was not timely filed, the court lacks subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, the motion of the United States to dismiss the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is granted. Because it is jurisdictional, this dismissal is without prejudice to the merits. An appropriate order is filed with this Opinion.

Dated: March 12, 2019

Kevin McNulty
United States District Judge

---

[8]    Plaintiffs argue in addition that Ms. Thorpe's condition meets the definition of a disability for 26 U.S.C. § 72(m)(7). That is a separate definition that bears on the applicability, or not, of an early-withdrawal penalty, but does not govern the applicability of the tolling exception in 26 U.S.C. § 6511.

[9]    *See Abston v. Comm'r of IRS*, 691 F.3d 992, 995 (8th Cir. 2012) ("[N]umerous district courts have dismissed taxpayer refund suits as time-barred by § 6511 because the taxpayer's claim of financial disability was not supported by a physician's statement complying with Revenue Procedure 99-21.") (collecting cases, including *Pleconis v. IRS*, No. 09-5970, 2011 WL 3502057, at *5 (D.N.J. Aug. 10, 2011)); *Estate of Kirsch v. United States*, 265 F. Supp. 3d 315, 321 (W.D.N.Y. 2017) ("Congress chose to define 'financially disabled' very narrowly, and failure to comply with Rev. Proc. 99-21 is fatal to a claim that a taxpayer was financially disabled.")